# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER A SHEA,

   Plaintiff,

 v.              Case No. 03-C-1443

WISCONSIN CENTRAL LTD,

   Defendant.

## ORDER

  Plaintiff has moved for an order to excuse his Rule 26(a)(2)(b) disclosure requirements with respect to one of his experts, Dr. John S. Boyle. Dr. Boyle is the orthopedic surgeon that treated the plaintiff for the injuries that are the subject of the action. Plaintiff contends that Dr. Boyle does not have a completed resume and does not keep track of the occasions in which he has previously testified. As a result, plaintiff contends he is unable to disclose the information required by Rule 26(a)(2)(B). Plaintiff notes that Dr. Boyle has not been "retained" by plaintiff to provide expert testimony in this case. However, it also appears clear that plaintiff intends to rely on Dr. Boyle's knowledge and experience with his case to provide evidence as to the cause of his injury, the nature and extent of the injuries, and his prognosis. Thus, plaintiff does intend to offer opinion testimony from Dr. Boyle.

  The defendant opposes plaintiff's request, noting that because plaintiff intends to ask him questions that exceed the limited scope of his treatment, he is an expert within the meaning of Rule 26. Defendant contends that, to the extent plaintiff intends to ask Dr. Boyle only factual questions concerning his care and treatment of the plaintiff, no such disclosures would be required. But

because it is clear plaintiff intends to ask Dr. Boyle questions going beyond the facts of his care and treatment, a complete Rule 26 disclosure is required.

Plaintiff's motion will be granted. Rule 26 requires the filing of a report as to each expert a party intends to call which discloses "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witnesses, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed. R. Civ. P. 26(a)(2)(B). The rule provides, however, that such disclosures are only required with respect to "a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. . . ." Fed. R. Civ. P. 26(a)(2)(B). Here, it is clear that Dr. Boyle has not been retained or specially employed to provide expert testimony in the case. He is named as a witness because he is the treating physician for the plaintiff. In that capacity, he also has knowledge as to questions that have legal significance to the case. These include his opinion as to the cause of the plaintiff's injury, the nature and extent of the injury, and the prognosis for the injury. But the fact that these areas fall within the knowledge and experience Dr. Boyle may have with this case as a result of his treating the plaintiff does not transform him into an expert witness within the meaning of Rule 26. *See Martin v. CSX Transportation*, 215 F.R.D. 554, 558 (S.D. Ind. 2003).

The anticipated opinion testimony of Dr. Boyle was formulated during his examination and care of the plaintiff, not in anticipation of litigation. For this reason, Dr. Boyle does not fall within the definition of expert witness for which Rule 26 mandates a more detailed disclosure. Moreover,

even if Rule 26 did cover treating physicians, I find under the circumstances of this case that requiring such a disclosure for Dr. Boyle is not practical. Thus, I would excuse plaintiff from complying with the rule in this instance.

I conclude that plaintiff has established good cause as to why such a disclosure should not be required. The plain fact appears to be that the treating physician for plaintiff is not interested in serving as an expert consultant in legal proceedings. Such an attitude among doctors is not rare. To require the kind of disclosures that Rule 26 mandates as a precondition to calling a treating physician as a witness and inquiring as to their opinions concerning matters well-within their knowledge would place an unreasonable burden upon plaintiffs attempting to recover for injuries. I decline to place such a burden on the plaintiff.

Accordingly, I conclude that such a disclosure is not necessary in this case with respect to Dr. Boyle. Plaintiff should advise counsel as to any additional compensation he intends to pay Dr. Boyle for his testimony and appearance in court or at deposition. In addition, plaintiff should provide copies of all records relating to Dr. Boyle's care and treatment of him. If defendant wishes further information, defendant is free to arrange a deposition of Dr. Boyle.

**SO ORDERED**.

Dated this   3rd   day of May, 2005.

      s/ William C. Griesbach  
      William C. Griesbach  
      United States District Judge