UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER SHEA,

        Plaintiff,

v.                                                    Case No. 03-C-1443

WISCONSIN CENTRAL, LTD.,

        Defendant.

**DECISION AND ORDER**

      This case arises under the Federal Employers Liability Act (FELA) and was instituted by the plaintiff, a railroad conductor, after he fell in a snow pile while attempting to get to work. The snow pile, the result of the parking lot having been plowed, blocked the path the plaintiff normally took to get to his train. The plaintiff, who was the first person to arrive at the job scene, did not attempt to shovel a path or to seek assistance. Instead, he tried to climb over another pile of snow in order to reach his train. While doing so, he twisted his left knee and fell, sustaining injuries which required three surgeries. After returning to work, a functional capacity evaluation disqualified him from continuing to work as a conductor in light of his knee injury and unrelated problems in his other knee. The defendant has moved for summary judgment, arguing that the plaintiff has produced no evidence that it was negligent in maintaining safe access to its worksite.

      Under the FELA, "Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51.

Thus, at the summary judgment stage, the plaintiff must provide some evidence that his employer was negligent. But "[i]t is well established that the quantum of evidence required to establish liability in an FELA case is much less than in an ordinary negligence action." *Harbin v. Burlington Northern R. Co.,* 921 F.2d 129, 131 (7th Cir. 1990). Accordingly, in the summary judgment context, the plaintiff's burden is slight: to defeat a motion for summary judgment, he must merely present evidence that the employer's negligence was in some way responsible for his injury. *Id.* (citing *Lancaster v. Norfolk & W. Ry. Co.,* 773 F.2d 807, 820 (7th Cir.1985) ("the plaintiff in an FELA case can get to the jury with even slight evidence of negligence.")) As the *Harbin* court noted, "[t]he right to a jury determination is part and parcel of the liberal remedy afforded the working person under the FELA. It is the province of the jury to weigh myriad factors, including the nature of the task and the hazards it entails, in determining whether employer fault played any role in the employee's injury." *Id.*

The central issue, as both parties agree, is foreseeability, specifically, whether the defendant foresaw or should have foreseen that the path to the trains where its employees worked was dangerous. Perhaps recognizing that the plaintiff's burden at this stage is quite low, the defendant's arguments on summary judgment are styled so as to undermine not the existence of the plaintiff's evidence, but its reliability. In short, the defendant claims the plaintiff is trying to "manufacture" a genuine issue of material fact by proffering the affidavit of Brian McGowan, another conductor on the railroad. At his deposition, the defendant claims McGowan testified that he saw snow piled up on two occasions and did not report that fact to anyone. But in his later-filed affidavit, he now says he saw snow blocking the apron at least four times, and that he brought the matter to the attention of his supervisors. (McGowan Aff., ¶¶ 9, 10, 13.) The defendant claims that McGowan

2

changed his story between the time he was deposed and the time he filed his affidavit, and that Shea should not be allowed to survive a summary judgment motion based merely on a phantom factual dispute.

McGowan's testimony is not as contradictory as the defendant would have it, however. The central dispute is whether McGowan ever let anyone know about the snow problem. In his deposition, he testified that he *did* in fact complain to supervisors about the snow buildup. (McGowan Dep. at 30.) This is echoed in his affidavit. In claiming that McGowan changed his story, the defendant merely relies upon McGowan's deposition testimony to the effect that he failed to report the unsafe conditions "not directly at that moment, no, I did not." (McGowan Dep. at 36.) That is not the same as saying that he *never* told anyone about problems with snow removal, and it is therefore not the smoking gun the defendant claims it is because it contradicts neither the deposition nor the affidavit McGowan filed. Thus, there is nothing in McGowan's deposition that is contradicted by the affidavit he later filed in this case, and I therefore find no grounds to believe that the plaintiff is artificially seeking to avoid summary judgment by submitting McGowan's affidavit. Moreover, even if the testimony were not 100% consistent, McGowan's affidavit is not the sort of directly contradictory testimony that would justify disregarding the evidence entirely. Instead, a trial would present the most obvious and straightforward means of probing any alleged inconsistencies in the witness's testimony.

Because McGowan's testimony provides some evidence that the defendant had notice of the snow problems that led to the plaintiff's injury, the plaintiff has met its burden to show that a genuine issue of material fact exists as to the central issue in this case, foreseeability. In other words, a jury could find for the plaintiff. The motion for summary judgment is therefore denied on

3

that basis, and I need not address the other grounds raised by the defendant in its motion, all of which are premised on the purported inconsistencies contained in McGowan's testimony.

The motion for summary judgment is **DENIED**.

**SO ORDERED** this   28th   day of November, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge